UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

    Plaintiff,

v.

VALI HOSPITALITY LLC; and INN MANAGEMENT INC.,

    Defendants.

Case No. 6:23-cv-2231-WWB-RMN

## ORDER

This cause comes before the Court for consideration after a review of the docket. Plaintiff is identified in the verified complaint using a pseudonym. Dkt. 1-1. Plaintiff also uses a pseudonym in the disclosure statements required by Local Rule 3.03. *See* Dkt. 14, 16, 18. Plaintiff's decision to proceed by pseudonym without first seeking leave to do so creates two issues.

First, the Court must know Plaintiff's identity so that the assigned judicial officers may ensure they do not have a disqualifying conflict of interest. *See* 28 U.S.C. § 455; Canon 3(C)(1) of the Code of Conduct for United States Judges. As to this issue, Plaintiff is directed to file an amended disclosure statement that discloses her identity. Plaintiff may file her amended disclosure statement under seal.

Second, all judicial proceedings are presumptively open to the public and subject to the public's right to access judicial records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). One aspect of this openness is the requirement found in Federal Rule of Civil Procedure 10(a) that parties in a lawsuit identify themselves in their pleadings. *See Doe v. Frank*, 951 F.2d 320, 322–23 (11th Cir. 2011). Rule 10(a)'s requirements are not absolute, however, and the Court may authorize a party to proceed under a pseudonym in some cases. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2016). A litigant may proceed anonymously in cases that involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324.

As to the second issue, the allegations in the Verified Complaint provide a sufficient basis to grant Plaintiff leave to proceed by pseudonym for now. Based on those allegations—specifically, that she is a victim of human trafficking and at risk of serious harm from those who trafficked her, Dkt. 1-1 ¶ 21—the Court finds that Plaintiff's established interests outweigh the presumption of openness at this stage.

This Order does not prevent Defendants, non-parties, or the Court, from moving to preclude the use of pseudonyms later in the litigation. *See Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (noting "that the analysis of

whether a plaintiff may proceed anonymously may change at different stages of the litigation").

Accordingly, it is **ORDERED**:

1. Plaintiff is granted leave to proceed under pseudonym; and

2. Plaintiff shall file, under seal, an amended disclosure statement that identifies Plaintiff on or before January 8, 2024.

**DONE** and **ORDERED** in Orlando, Florida, on December 28, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record